UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| JAMES H. MURPHY | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-cv-126 |
| | ) | 3:02-cr-003 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner James H. Murphy ("Murphy"). The government has filed its response to the § 2255 motion, to which Murphy has also filed his reply. For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Murphy's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Murphy "must show a 'fundamental defect which inherently results in a complete miscarriage

of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Murphy is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Murphy was convicted by a jury of felon in possession in a firearm (three counts) and felon in possession of ammunition (one count), in violation of 18 U.S.C. § 922(g). He was sentenced as an armed career criminal under 18 U.S.C. § 924(e) to concurrent terms of imprisonment of 188 months on each count. On direct appeal, Murphy challenged the district court's denial of his motion to suppress the search of his residence. The Sixth Circuit concluded the district court did not err in denying the motion to suppress and affirmed Murphy's judgment of conviction. *United States v. Murphy*, 96 Fed.Appx. 981 (6th Cir. May 4, 2004).

In support of his § 2255 motion to vacate sentence, Murphy alleges the following: (1) he was unlawfully classified as an armed career criminal; (2) he received ineffective assistance of counsel; (3) he was erroneously sentenced as an armed career criminal; and (4) he should not have been charged with constructive possession of the firearms and ammunition. Claims one and three are related and will be addressed together.

III.   Discussion

*A. Classification and Sentence as Armed Career Criminal*

The law provides a minimum mandatory sentence of fifteen (15) years for a person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). A serious drug offense under state law is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance ..., for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii). A defendant who meets the criteria of an armed career criminal also receives, under the sentencing guidelines, a base offense level of 33. U.S.S.G. § 4b1.4(B)(3)(b).

Murphy was classified and sentenced as an armed career criminal based upon the following convictions:

> Selling Heroin, Knox County Criminal Court, Docket No. 5730, sentence imposed January 31, 1972, of not less than five and not more than 10 years imprisonment.
>
> Sale of Heroin, Knox County Criminal Court, Docket No. 9468, sentence imposed June 6, 1975, of not less than five years nor more than 15 years imprisonment.
>
> Sale of Heroin, Knox County Criminal Court, Docket No. 9469, sentence imposed June 6, 1975, of not less than five years nor more than 15 years imprisonment.
>
> Sale of Heroin, Knox County Criminal Court, Docket No. 9470, sentence imposed June 6, 1975, of not less than five years nor more than 15 years imprisonment.

[Criminal Action No. 3:02-cr-03, Presentence Investigation Report, pp. 7-8, ¶¶ 27 & 28].

With a total offense level of 33 and a criminal history category of IV, Murphy's guideline sentence range was 188 to 235 months. He was sentenced to 188 months on each count, at the lower end of the guideline range.

Murphy claims that the elements necessary to enhance him to armed career status were not found beyond a reasonable doubt by a jury, as required by the relatively recent Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). He specifically refers to the fact that his prior offenses were found to have occurred on separate occasions.

In *Apprendi*, the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id*. at 490. The exception for the fact of a prior conviction was an acknowledgment of the Court's prior decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), that a penalty provision, which

4

authorizes an enhanced sentence based upon a prior conviction, does not create a separate crime and thus does not have to be charged in the indictment.

Murphy's enhanced sentence as an armed career criminal was based upon his prior convictions and thus *Apprendi* was not implicated. *See United States v. Carnes*, 309 F.3d 950, 956 (2002) (argument by defendant sentenced as an armed career criminal that his three prior violent felony convictions constituted elements of the offense that "must be alleged and proven in an indictment" pursuant to *Apprendi* lacked merit because "prior convictions are sentencing factors and need not be alleged in an indictment or proven beyond a reasonable doubt"); *cf. United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004) (requirement of ACCA that prior felony convictions must have been committed on "different occasions" comes within the *Apprendi* exception for a prior conviction and thus "need not be pled in an indictment, submitted to a jury, and proved beyond a reasonable doubt").

At this time, there is no reason to apply *Blakely* retroactively to a § 2255 motion such as Murphy's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id*. at 1290 (citation omitted).

In addition, any claim pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *Booker*, which applied the reasoning in *Blakely* to the federal sentencing guidelines. The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 546 U.S. 885 (2005). *See also Valentine v. United States*, 488 F.3d 325, 330 (6th Cir.

2007), *cert. denied*, 128 S. Ct. 1311 (2008) ("We hold that petitioners whose convictions became final prior to *Booker* may not rely on *Booker*'s rule on collateral review."). Accordingly, Murphy was properly sentenced as an armed career criminal.

## B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Murphy must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be

considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Murphy bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Murphy claims his attorney failed to challenge Murphy's alleged illegal enhancement to armed career status. The court having found that Murphy was properly sentenced as an armed career criminal, this claims lacks merit.

Murphy also claims his attorney failed to subpoena the confidential informant (CI) to court for cross-examination with respect to information supplied by the CI to the authorities. According to Murphy, cross-examination would have revealed to the jury the untrue allegations made by the CI.

This allegation apparently refers to the fact that a search warrant for Murphy's residence was obtained as a result of information received by the Knoxville Police Department from a CI who stated that Murphy was in possession of cocaine and was selling cocaine from his home. The police vouched for the CI's reliability, but stated that exposing her identity could endanger her life. During the search, no cocaine was found; instead, the officers discovered the firearms and ammunition for which Murphy was convicted.

Murphy's attorney fully litigated the suppression issue before the magistrate judge, the district judge, and on appeal, with specific reference to the withholding of the CI's name from the affidavit in support of the search warrant. The Sixth Circuit determined that the failure to identify the CI did not render the search warrant defective.

> Initially, the overall fundamental defect tainting the defendant's entire assault against Officer Conkey's affidavit is that Murphy faults that declaration for what it did not include, rather than identifying some purported fatal deficiency in the totality of the evidence which was contained therein. "The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." As developed above, in the case *instanter*, Officer Conkey's affidavit identified the precise criminal suspect (the defendant), the precise felonies of which he was suspected (narcotics trafficking and related offenses), the precise contraband that he was believed to possess (including guns, large sums of cash drug proceeds, and narcotics trade implements), the precise location of his targeted illicit possessions (his residential address), and the precise reasons for the officer's suspicions (two recent controlled buys of positively-tested cocaine from the suspect at his residence consummated by a CI personally known to the investigator/affiant to have been a consistently reliable long-term informant). That information was facially sufficient to support a probable cause finding, irrespective of any claimed additional details which might also have been included within the affidavit.
>
> Murphy's primary specific contention was that the affidavit in the present case failed to establish probable cause because, unlike the situation in *Allen*, Officer Conkey did not disclose the name of the CI to the commissioner who issued the warrant....
>
> ...
>
> Whether probable cause exists thus turns on the existence of "any indicia of the informants' reliability." The fact that the informant is "a known person ... to whose reliability an officer attests with some detail" boosts the informant's reliability. Unless the magistrate is personally familiar with the informant, however, the fact that the officer has disclosed the informant's name adds nothing of value on this issue. In the present case, therefore, because there is no evidence that the commissioner who issued the warrant was already

8

> familiar with the CI, the fact that Officer Conkey did not disclose the CI's name is not material to the "probable cause" analysis.
>
> This reviewing court has carefully considered the trial court record, the controlling law, and the briefs and all arguments of counsel, and has concluded that the defendant's assignments of error were each ill-conceived. Because the Tennessee court commissioner did not legally err or abuse his discretion by issuing the subject search warrant upon a sustainable finding of probable cause, the trial court correctly denied Murphy's suppression motion.

*United States v. Murphy*, 96 Fed. Appx. at \*\*4-5 (quoting *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000) (footnote omitted).

The testimony and cross-examination of the affiant officer, not of the CI, was relevant to the issue of whether the affidavit provided sufficient facts to demonstrate probable cause and thus to the court's ruling on Murphy's motion to suppress. Moreover, the CI's testimony would have been irrelevant to the charges that Murphy was a felon in possession of firearms and ammunition. Accordingly, counsel's failure to subpoena the unidentified CI was not ineffective assistance of counsel under the standard set forth in *Strickland*.

### C. Constructive Possession

Murphy claims that he should not have been charged with construction possession of the firearms and ammunition because he was storing them in his attic for William Strong and at no time did Murphy use or possess the firearms. Unfortunately for Murphy, the jury heard all the evidence and found beyond a reasonable doubt that Murphy knowingly possessed the firearms and ammunition. This court lacks jurisdiction to overturn the jury's verdict.

IV. Conclusion

Murphy is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Murphy leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Murphy having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan<br>United States District Judge